FILED'08 NOV 12 15:56 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT L. KELLY,

        Petitioner,        Civil No. 06-1741-CL

        v.        REPORT AND RECOMMENDATION

SHARON BLACKLETTER,

        Respondent.

CLARKE, Magistrate Judge.

Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment, dated August 28, 2001, from Baker County Circuit Case No. 02312, after convictions for one count of Using a Child in a Display of Sexually Explicit Conduct, one count of Encouraging Child Sexual Abuse in the First Degree and two counts of Sex Abuse in the First Degree. Exhibits to Answer (#21), Exhibit 101.[1] Following a guilty plea, petitioner was sentenced to a total of 264 months

---

[1] Hereinafter, all citations to exhibits refer to respondent's Exhibits to Answer (#21) unless otherwise indicated.

1 - REPORT AND RECOMMENDATION

imprisonment. Id.

Petitioner did not directly appeal his convictions. See Exhibit 104 [plea agreement waiving appellate rights].[2]

Petitioner filed a Petition for Post-Conviction Relief, Exhibit 107, in Kelly v. Santos, Umatilla County Circuit Court Case No. CV 03-0667, but the court denied relief. Exhibit 116. Petitioner appealed and the Oregon Court of Appeals affirmed without opinion. Kelley v. Blackletter, 207 Or. App. 320 (2006), and the Oregon Supreme Court denied review. 341 Or. 579 (2006). See, Exhibits 17-121, Supplemental Exhibit (#41), Exhibit 122, and Corrected Exhibits to Answer (#42), Exhibit 118.

Petitioner filed a petition under 28 U.S.C. § 2254 alleging violations of his rights under the Sixth Amendment and Fourteenth Amendments. Specifically, petitioner alleges that his trial counsel was ineffective in thirty-eight separate ways. See, Petition (#2) pp. 4-10.

Respondent moves to deny petitioner's petition on the ground that petitioner's claims were not "fairly presented" to Oregon's highest court as required by the doctrine of exhaustion, and are now procedurally defaulted. Response (#38) p. 1.

A state prisoner must exhaust all available state

---

[2]Petitioner did appeal an order entered May 21, 2003, which denied petitioner's "Motion to Preserve Seized Evidence." However, the Oregon Court of Appeals dismissed the appeal on on the ground that the appeal was untimely. 133 Or. App. 603 (1995). Exhibit 106 Petitioner did not seek review by the Oregon Supreme Court.

2 - REPORT AND RECOMMENDATION

remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. The essence of the requirement is that no state remedy exists at the time the petition was filed. Rose v. Lundy, 455 U.S. 509 (1982). A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby affording the state courts the opportunity to consider the allegations of legal error and correct any violations of its prisoner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). In Oregon, this requirement is satisfied when the claim is fairly presented to the state supreme court. Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based. Id., Anderson v. Harless, 459 U.S. 4 (1982); Guizar v. Estelle, 843 F.2d 371 (9th Cir. 1988); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986). The claim must be specifically characterized in the state proceedings as "federal," Castillo v. McFadden, 370

3 - REPORT AND RECOMMENDATION

F.3d 882, 886 (9th Cir. 2004); <u>Baldwin v. Reese</u>, 541 U.S. 27 (2004), and allege facts showing a right to relief. <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996); <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003). State appellate courts are "not required to comb the trial court's decision to discover" the federal issue. <u>Castillo</u>, 370 F.3d at 887.

Furthermore a petitioner must present the federal claims in a procedural context in which their merits will be considered. <u>Castille v. Peoples</u>, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to state Supreme Court); <u>Roettgen v. Copeland</u>, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim was presented in a procedurally defective manner); <u>see also</u>, <u>Turner v. Compoy</u>, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059, (if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief, the correct avenue must be fully exhausted).

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are technically exhausted. <u>Coleman v Thompson</u>, <u>supra</u>; <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, the claims are procedurally defaulted in federal court because they were not *properly* exhausted, <u>O'Sullivan</u>, 526 U.S. at 848, and federal habeas review is barred unless the prisoner can

4 - REPORT AND RECOMMENDATION

demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72 (1977); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993).

In this case, as noted above, petitioner did not directly appeal his convictions. Petitioner filed a petition for post conviction relief alleging 17 claims of ineffective assistance of counsel. Exhibit 107, p. 2-8. Petitioner was appointed counsel in his post-conviction proceeding but as discussed *infra*, petitioner disagreed with his attorney concerning discovery matters and eventually proceeded pro se. The post-conviction court ultimately denied relief on all of petitioner's claims, holding "[T]he exhibits relied on do not prove the allegations of the petition." Exhibit 116; see also, Exhibit 115 at p. 19.

Petitioner appealed the decision denying post-conviction relief alleging as his one assignment of error: "The trial court erred by denying Petitioner's request for a continuance." Exhibit 117, p. 3. Petitioner's pro se supplemental brief included two additional assignments of error as follows: 1.) "The PCR Court erred by not ruling on written motions presented prior to trial," and 2.) "The PCR Court erred in not allowing Petitioner the chance to present all of his issues." Id. The Oregon Court of Appeals affirmed the PCR Court without opinion. Exhibit 121.

5 - REPORT AND RECOMMENDATION

Petitioner sought review by the Oregon Supreme Court on the issue of whether the PCR court erred by denying petitioner's request for a continuance. Exhibit 119. The court denied review. Exhibit 120.

All of the grounds for relief in the petition before the court are based on alleged ineffective assistance of counsel. Some of the grounds alleged in this proceeding are substantially similar to the seventeen claims of ineffective assistance of counsel alleged in petitioner petition for post-conviction relief. However, petitioner's brief to the Oregon Court of Appeals, appealing the PCR court's judgment denying relief made only one assignment of error: that the trial court erred by denying petitioner's request for continuance. As noted above, petitioner's supplemental pro se brief made two additional assignments of error. However, none of petitioner's claims in the Court of Appeals involved ineffective assistance of counsel. Moreover, after the Court of Appeals affirmed the PCR Court, petitioner's request for review by the Oregon Supreme Court involved only the issue of the PCR Court's denial of petitioner's request for a continuance. Thus petitioner's claims of ineffective assistance of counsel were never presented to the Oregon Court of Appeals or the Oregon Supreme Court and cannot now be presented to the state courts, and are therefore procedurally defaulted.

If a claim is procedurally defaulted in state court, a

6 - REPORT AND RECOMMENDATION

petitioner is barred from raising it in federal court unless he or she can demonstrate both 1) "cause" for failing to properly present the claim to the state court, and 2) "actual prejudice" resulting from such failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

"'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). "Cause" exists only where there is a showing that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986).

"Prejudice" exists only if "actual and substantial disadvantage" resulting form the procedural default is shown. U.S. v. Frady, 456 U.S. 152 (1982). It is not enough to demonstrate the mere possibility of prejudice. Actual prejudice must be demonstrated. Id.

Petitioner argues that cause and prejudice exist to excuse the procedural default in this case because of an "accumulation of errors of trial counsel" demonstrate ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984). Amended Memorandum of Law (#33), p. 9; see also, Petitioner's Memorandum "Defining Cause and Prejudice" (#26).

Petitioner's argument in this regard begs the question.

7 - REPORT AND RECOMMENDATION

Ineffective assistance of trial counsel cannot constitute cause and prejudice for failure to properly present ineffective assistance of counsel claims on appeal or collateral review.

Moreover, the fact that trial counsel failed to recognize the factual or legal basis of the claim does not excuse a default. Id. at 486. Nor does an ineffective assistance of counsel claim constitute "cause" for the default if the ineffective-assistance claim was, itself, defaulted. Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000). Since no constitutional right to counsel exists on a collateral proceeding, the failure to provide effective assistance at such proceedings does not constitute "cause" sufficient to relieve a default. Coleman, 501 U.S. at 572.

Petitioner also argue that the denial of his request for a continuance by the post-conviction court prevented him from presenting his ineffective assistance of counsel claim during his state court proceedings. Memorandum of Law "Defining Cause and Prejudice" (#26) p. 30.

The relevant facts concerning the post-conviction court's denial of petitioner's request for a continuance are as follows: On July 18, 2003, petitioner filed a pro se motion to compel discovery alleging that he had requested the material from his counsel but had received no response. The hearing on petitioner's motion was set over until November 18, 2003, on petitioner's motion for continuance. On November 18,

8 - REPORT AND RECOMMENDATION

2003, the court denied petitioner's motion to compel discovery on the ground that petitioner was represented by counsel and because his claims could be addressed without the material requested.

On November 20, 2003, the PCR court scheduled trial for March 11, 2004. Two weeks prior to the date set for trial, on February 23, 2004, petitioner filed a Notice of Counsel's Propensity to Perform Inadequately, and supporting affidavit.

On February 25, 2004, petitioner moved the court for an order removing appointed counsel and compelling discovery. To his request petitioner attached copies of correspondence between himself and his counsel that was exchanged between October 8, 2003 and February 4, 2004. The gist of the correspondence was that petitioner and his counsel disagreed over the way to conduct petitioner's case and particularly over the appropriate scope of discovery.

Petitioner requested that the court remove his appointed counsel and for a continuance to allow petitioner to seek discovery in support of an amended petition.

On March 2, 2004, the court allowed petitioner's request to proceed pro se but denied petitioner's request for a continuance.

At trial, petitioner again moved for a continuance to allow him time to amend his petition and obtain discovery. The court denied petitioner's motion. Petitioner then requested that the court dismiss petitioner's petition without prejudice

9 - REPORT AND RECOMMENDATION

so that petitioner could re-file an amended petition. The court stated that it would dismiss the petition but that whether or not the dismissal would be with prejudice was a matter of law and was outside the PCR court's control. Petitioner chose to proceed with the original petition and at the conclusion of the trial court denied relief on all of petitioner's claims. See, Respondent's Response to Petition for Writ of Habeas Corpus (#38) pp. 4 - 7.

Thus, petitioner did not file the notice concerning his disagreement with counsel over the proper scope of discovery until 2 weeks before the date set for trial and four months after petitioner became aware that his post-conviction counsel did not feel that petitioner's discovery requests were proper and would not comply with them. Under these circumstances the court's denial of petitioner's request for a continuance was within the court's discretion and was reasonable. See, Church v. Gladden, 244 Or. 308 (1966) (a petitioner must notify the court of his attorney's failure to follow a legitimate request to allege a claim at the "first opportunity"); Temple v. Zenon, 124 Or. App. 388 (1993) (post-conviction court reasonably denied motion to amend petition for relief after petitioner allowed more than three months to elapse before complaining to the court).

Moreover, the post-conviction court appears to have concluded in dismissing the petition that the claims for which petitioner sought further discovery were not properly before

10 - REPORT AND RECOMMENDATION

the court or otherwise without merit. See, Exhibit 115 at p. 19. Accordingly, petitioner was not prejudiced by the court's denial of his request for a continuance to seek further discovery and file an amended petition.

Petitioner also argues that the post-conviction court's denial of his motion for a continuance violated his federal due process rights under Ungar v. Sarafite, 376 U.S. 575 (1974). However, Ungar is distinguishable on the law and the facts from the circumstances present at petitioner's post-conviction trial. Moreover, the court in Ungar recognized that the matter of a continuance is traditionally within the discretion of the trial judge and that "not every denial of a request for time" results in a denial of due process "even if the party fails to offer evidence or is compelled to defend without counsel." Ungar, supra at 589.

I find that the post-conviction court's denial of petitioner's request for a continuance did not constitute an "objective factor external to the defense that impeded" petitioner's ability to present his ineffective assistance of counsel claims to the state court (cause) or result in an "actual and substantial disadvantage" to petitioner (prejudice).

Conclusion: Based on all of the foregoing I find that petitioner's claims in this proceeding are unexhausted (by procedural default) and that petitioner has not established any sufficient cause and prejudice to excuse the default.

11 - REPORT AND RECOMMENDATION

Petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 17 day of October, 2008.

Mark D. Clarke
United States Magistrate Judge