FILED'09 JAN 07 10:07USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERT L. KELLY, ) | Civil No. 06-1741-CL |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| SHARON BLACKETTER, ) | |
| ) | |
| Respondent. ) | |

**PANNER, Judge.**

Petitioner Robert Kelly brings this action under 28 U.S.C. § 2254. In 2002, Kelly pled guilty to various charges. He agreed to accept a 22 year sentence, which he received. Kelly now contends he received ineffective assistance of counsel. He also contends the state post-conviction trial court erred by, among other things, denying Kelly's request for a continuance, his request for discovery, and his attempt to file an amended petition.

On November 12, 2008, Magistrate Judge Clarke filed his Findings and Recommendation, which recommended denying the petition for habeas corpus. Plaintiff filed objections.

The matter is now before me for *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

1 - ORDER

Kelly's efforts to challenge his conviction and sentence have been greatly hindered by his conflicts with counsel in both the state and federal post-conviction proceedings. In both fora, Kelly eventually elected to proceed *pro se*, and relied on a "friend" for legal strategy. Unfortunately, Kelly (or his friend) did not understand what he needed to do to preserve his claims for federal review. Kelly also appears to have over-estimated the merits of his legal theories.

The Magistrate Judge correctly concluded that most of Kelly's arguments are procedurally barred, because Kelly failed to "fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law[.]"

Moreover, even if Kelly's claims were properly before this court, it does not appear Kelly would prevail on the merits as to any of those claims. Few, if any, of the alleged errors could have had any bearing upon the eventual guilty plea and sentence. Counsel appears to have had good reason for not raising the arguments Kelly now contends should have been made in his behalf. Counsel would have accomplished nothing by raising those arguments. I see nothing that suggests his counsel's performance was deficient or that Kelly suffered any prejudice as a result. The prosecution had a strong case against Kelly on some very serious charges. Kelly agreed to plead guilty to some of the charges, and to accept a 22-year sentence (and certain other provisions), in part to spare the two girls the ordeal of testifying at trial. That was commendable of Kelly.

2 - ORDER

Kelly now regrets his guilty plea, but that doesn't make his counsel inefficient or justify setting aside his plea and sentence. From the record, it also appears that Kelly's post-conviction counsel properly declined to make a discovery request for various items not relevant to the claims Kelly was asserting in his post-conviction proceeding.

Kelly also seeks to expand the record in this matter by including the exhibits he submitted to this court in support of his petition. The government objects to receipt of certain exhibits. The exhibits objected to are not very relevant, but neither is there any harm in making them part of the record. It will not alter the outcome.

### Conclusion

Magistrate Judge Clarke's Findings and Recommendation (docket # 47) are adopted. The petition (# 2) is denied.

IT IS SO ORDERED.

DATED this ___7___ day of January, 2009.

_____
Owen M. Panner
United States District Judge

3 - ORDER